IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAI CHANG,                                        No. C 06-7687 WHA (PR)

           Petitioner,                    **GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE**

   v.

SHARON SMITH NEVINS,
Executive Director,

           Respondent.
                                 /

       This is a habeas petition filed pro se by a person who is held at the Metropolitan State Hospital in Norwalk, California, following a verdict of not guilty by reason of insanity.

       Venue is proper because the order giving rise to petitioner's confinement was entered by the Superior Court of California in and for Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

**DISCUSSION**

*A. Standard of Review*

       This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ

of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

*B. Legal Claims*

Petitioner was charged with premeditated attempted murder. *People v. Chang*, 2005 WL 2271917 at *1 (Cal.App. 2005). He waived his right to jury trial. *Id.* The court found him guilty of attempted murder, but that the offense was not premeditated. *Id.* It then further found that he was insane at the time of the offense and pronounced him not guilty by reason of insanity. *Id.* He was committed to the Department of Mental Health pursuant to Section 1026 of the California Penal Code for a period not to exceed nine years. *Id.*

Petitioner's issues are, perhaps understandably, rather hard to make out. In his first issue he claims to be not guilty and refers the reader to an attachment headed "My Great Grievance." In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), however, the Supreme Court made it clear that there can be no habeas relief based solely on a petitioner's actual innocence of the crime. *Coley v. Gonzalez*, 55 F.3d 1385, 1387 (9th Cir. 1995). In addition to the claim of innocence, the "Great Grievance" contains a large number of factual allegations, but none that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). The first issue will be dismissed.

Petitioner's other issues are that trial counsel was ineffective and that he did not waive his right to a jury trial, so his trial to the court violated his Sixth Amendment rights. These claims are sufficient to require a response.

///

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August   12  , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\CHANG687.OSC.wpd