IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAI CHANG, | No. C 06-7687 WHA (PR) |
| Petitioner, | **DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| SHARON SMITH NEVINS, Executive Director, | |
| Respondent. | |

This is a habeas case that was filed pro se by a person who is held at the Metropolitan State Hospital in Norwalk, California, following a verdict of not guilty by reason of insanity. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a brief in support, and has lodged exhibits with the court. Petitioner has responded with a traverse and supplemental traverse. For the reasons set forth below, the petition is **DENIED**.

### STATEMENT

Petitioner was charged with premeditated attempted murder. *People v. Chang*, 2005 WL 2271917 at *1 (Cal. App. 2005). He waived his right to jury trial. *Ibid.* The court found him guilty of attempted murder, but that the offense was not premeditated. *Ibid.* It then further found that he was insane at the time of the offense and pronounced him not guilty by reason of insanity. *Ibid.* He was committed to the Department of Mental Health pursuant to Section 1026 of the California Penal Code for a period not to exceed nine years. *Ibid.*

**DISCUSSION**

**A.  STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.     ISSUES PRESENTED**

In the petition, petitioner contended that he is not guilty, that his trial counsel was ineffective, and that his bench trial was a violation of his Sixth Amendment right to trial by jury. The first issue was dismissed in the order to show cause; the other two are considered below.

Petitioner was charged with attempted murder as the result of an assault on nurse practitioner Yuyan Han at the Santa Clara main jail (Exh. D at 1-2). On a medical visit to her office he grabbed her around the neck and threatened to kill her, saying he had been a doctor in China and could cut her carotid artery (*id.* at 2). He claimed his life would be in danger if he were returned to China and wanted the victim to call Senator Barbara Boxer and other officials to help with his immigration status (*ibid.*).

Petitioner's version was that the INS had seized the materials he needed to apply for asylum and that he was being tracked by agents of the Chinese Communist Party, including nurse Han (*id.* at 3). He asserted that Han had tried to inject him with the AIDS virus, and when she did not succeed made up the story of his trying to strangle her *(ibid.)*.

Two doctors testified that petitioner did not appreciate the nature and quality of his acts or understand the difference between right and wrong at the time of the assault (*id.* at 3-4). As noted, the court found petitioner guilty of attempted murder and that he was insane at the time of the offense (*id.* at 1). He therefore was not guilty by reason of insanity, and was committed to a mental hospital for a period not to exceed nine years (*ibid.*).

///

///

3

### 1. **Ineffective Assistance**

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must show: first, that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Ibid.* Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. A difference of opinion as to trial tactics does not constitute denial of effective assistance. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981), and tactical decisions are not ineffective assistance simply because in retrospect better tactics are known to have been available. *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984).

Petitioner's first claim is that counsel would not let him talk in court. As respondent points out, however, at the April 14, 2003, hearing, counsel twice said "excuse me" only after petitioner appears to have finished speaking – it is not possible to be entirely sure, of course -- after which an unreported sidebar was held (Exh. B (4/14/03 hearing) at 3-4). At the June 19, 2003, hearing, counsel did interrupt petitioner with "excuse me" once, but petitioner then completed his statement (*id.* (6/19/03 hearing) at 4). At his trial he was allowed to provide his evidence as a narrative; it takes up fifty-two pages of transcript (*id.* (7/7/03) at 10-62). As an ultimate question, rather than just confined to specific instances, it is clear his counsel did not prevent him from telling his story. This record is far from sufficient to establish that counsel was ineffective, nor does it show that petitioner was prejudiced.

Petitioner also contends that counsel threatened not to represent him unless he waived jury trial. There is no evidence in the record of this, and what is in the record is counsel's scrupulous care to inform petitioner of his rights, and the court's scrupulous care to establish that he was waiving them voluntarily (*id.* at 3-7). Petitioner has established neither that counsel's performance

4

was deficient nor that he was prejudiced.

For these reasons, petitioner's counsel was not ineffective and thus the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly-established United States Supreme Court authority.

### 2. Waiver of Jury Trial

Petitioner contends that he wanted a jury trial and did not waive his right to one. His only support for this contention is his conclusory allegation to that effect and his claim that the court reporter omitted the remainder of a sentence in the discussion of waiving a jury at the June 19, 2003, hearing. The passage to which he refers is this: "The Court: Now my question to you is: your attorney tells me that you'd like a trial in front of a judge; is that right? [Omission] The defendant: I would like to ask the judge that because I don't know. I am just file my grievance. I would like to talk to the judge. I will have time. Righteousness --. Ms. Tsai [defense counsel]: He cannot make a decision about what happens on your case until the judge hears what you have to say " (*id.* (6/19/03) at 6). Petitioner contends that the rest of the sentence, after the word "[r]ightesousness," was "of a jury trial is my request" (Pet. at 6). There is no evidence of this, and following the disputed word is an extensive explanation by counsel what a trial to the court involves (Ex. B (6/19/03) at 6), and immediately before it was the court's explanation (*id.* at 5). Shortly afterwards, petitioner expressly stated that he wanted his trial to be to a judge (*id.* at 6). Petitioner's claim that his right to a jury trial was violated is without merit.

For these reasons, the state courts' rejections of these claims were not contrary to, or unreasonable applications of, clearly-established United States Supreme Court authority.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April __3__, 2009.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\CHANG687.RUL.wpd

5